IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


JAMES BROADHEAD, AIS #224802,       :

    Plaintiff,                   :

vs.                                  :    CIVIL ACTION 10-0678-CB-M

LPN BARBER, et al.,                  :

    Defendants.                  :


REPORT AND RECOMMENDATION


This § 1983 action, filed by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis,[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. For reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring
> a civil action or appeal a judgment in
> a civil action or proceeding under this

---

[1] Plaintiff was granted leave to proceed in forma pauperis when the Court granted his Motion to Proceed Without Prepayment of Fees. (Doc. 5). In light of this Report and Recommendation, the Court, by separate order, will rescind its Order granting Plaintiff's Motion, thereby revoking the grant of in forma pauperis status.

> section [28 U.S.C. § 1915] if the
> prisoner has, on 3 or more prior
> occasions, while incarcerated or
> detained in any facility, brought an
> action or appeal in a court of the
> United States that was dismissed on the
> grounds that it is frivolous,
> malicious, or fails to state a claim
> upon which relief may be granted,
> unless the prisoner is under imminent
> danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff has at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, <u>Broadhead v. Hopkins, et al.</u>, CA 10-0439-LSC-RRA (N.D. Ala. June 18, 2010); <u>Broadhead v. McConuco, et al.</u>, CA 09-0384-CB-N (S.D. Ala. May 21, 2010); <u>Broadhead v. Kirrie, et al.</u>, CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010); and <u>Broadhead v. O'Brian, et al.</u>, CA 10-0475-JHH-RRA (N.D. Ala. June 22, 2010).[2] Thus, Plaintiff has the dismissals that qualify the present Complaint for treatment under § 1915(g).

---

[2] PACER ("Public Access to Court Electronic Records") indicates that Plaintiff has filed fifty-one actions which include the foregoing four actions and the present action. And nineteen of these actions were filed in this Court during 2010 and 2011.

In order to avoid the dismissal of the present action pursuant to § 1915(g), Plaintiff must satisfy the exception to § 1915(g), which requires that at the time of the Complaint's filing, he must show that he was "under imminent danger of serious physical injury." See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); see Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2011) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001). Thus, in order satisfy the exception to § 1915(g), Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007)) (quotation and quotation marks omitted) (unpublished) (Granade, C.J.).³ Plaintiff has not done this.

---

³ Unpublished opinions are not considered binding precedent,
(Continued)

In reviewing the Complaint's allegations (Doc. 1), the Court does not discern a claim showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint on December 7, 2010. The allegations in the Complaint are sparse. The only allegation that appears to advance a claim provides: "The prison do not have any grievance Procedure I 'still make complaint to warden and commissioner' I was put on transfer from Holman so I exhaust all administrative remedies, before the filing of this lawsuit according to 42 U.S.C. § 1997(e)(A) and the act of the (PLRL) officers Barber and officer S. Toy[sic]." (Doc. 1 at 5). Plaintiff requested no relief in his Complaint.

Subsequent to filing the Complaint, Plaintiff filed on January 27, 2011, a copy of a letter dated January 8, 2011, that he sent to Warden Bishop wherein he requested to see the warden about the bite mark that Officer Montgomery had given him "that" weekend when "they" jumped him and told him that "they" were going to kill him, causing him to fear for his life. (Doc. 4 at 1). Plaintiff states that he needs to return to West Jefferson from Donaldson and would like to talk to the warden face-to-face about this transfer. (Id.). He also requested a blanket,

---

but they may be cited as persuasive authority. 11TH CIR. R. 36-2 (2005).

toothbrush, toothpaste, an eye doctor appointment, and treatment for a broken thumb, and complains about handcuffs not being placed on him, without the lieutenant's say-so, when his door is rolled. (Id.).

In assessing if a Plaintiff is under imminent danger of serious physical injury, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). Considering Plaintiff's brief allegation in the Complaint, and even considering his statements in the letter to the warden, the Court finds that they do not show that he was under "imminent danger of serious physical injury" at the time of the Complaint's filing on December 7, 2010. That is, no specific serious physical injury is alleged to have occurred or about to occur at the time of the Complaint's filing. See White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1999) (denying the "imminent danger of serious physical injury" exception because the "Amended Petition [wa]s largely a collection of vague and utterly conclusory assertions"); Hickmon v. Florida Dept. of Corrs., No. 4:07cv210-WS, 2007 WL 3023990, at *2 (N.D. Fla. Oct. 16, 2007) (unpublished) (denying the "imminent danger of serious physical" injury exception because "[t]here are no allegations of any specific or identifiable persons who posed a threat to Plaintiff and no specifics of harm in the close proximity of

5

time that Plaintiff initiated this case"). Accordingly, Plaintiff has failed to show that he is under "imminent danger of serious physical injury" when he filed the present action.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of

the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

> A party may object to a recommendation
> entered by a magistrate judge in a
> dispositive matter, that is, a matter
> excepted by 28 U.S.C. § 636(b)(1)(A), by
> filing a "Statement of Objection to
> Magistrate Judge's Recommendation"
> within ten days[4] after being served with
> a copy of the recommendation, unless a
> different time is established by order.
> The statement of objection shall
> specify those portions of the
> recommendation to which objection is
> made and the basis for the objection.
> The objecting party shall submit to the
> district judge, at the time of filing
> the objection, a brief setting forth
> the party's arguments that the
> magistrate judge's recommendation should
> be reviewed de novo and a different
> disposition made.  It is insufficient
> to submit only a copy of the original
> brief submitted to the magistrate
> judge, although a copy of the original
> brief may be submitted or referred to
> and incorporated into the brief in
> support of the objection.  Failure to
> submit a brief in support of the
> objection may be deemed an abandonment
> of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  <u>Transcript (applicable where proceedings tape recorded)</u>.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

7

this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 23rd day of August, 2011.

s/ Bert W. Milling, Jr.
BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
